**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VIOLA BRIMMER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-1956-L** |
| | § | |
| **ERIC K. SHINSEKI, Secretary,** | § | |
| **Department of Veterans Affairs**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Eric K. Shinseki's ("Defendant" or "Shinseki") Motion to Dismiss and Motion for Summary Judgment, filed February 15, 2013. After careful consideration of the motions, responses, reply, record, and applicable law, the court **denies as moot** Defendant's Motion to Dismiss and **grants** Defendant's Motion for Summary Judgment.

## I.       Procedural and Factual Background

Plaintiff Viola Brimmer ("Plaintiff" or "Brimmer") filed this action against Defendant on August 8, 2011, asserting claims for sexual discrimination,[1] *quid pro quo* sexual harassment, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), *as amended*, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981. Brimmer also asserts claims for pay discrimination under the Lilly Ledbetter Fair Pay Act of 2009 ("FPA") and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d). Plaintiff requests compensatory, punitive and liquidated damages; back pay; promotion; immediate transfer of her supervisor and Chief of Medical Administration

---

[1] The court construes this as a claim for gender discrimination under Title VII and 42 U.S.C. § 1981.

Services ("MAS"), Cliffton Henry ("Henry"); that Defendant be ordered to stop all discriminatory practices and take steps to prevent discrimination in the future; attorney's fees and court costs, plus interest; and expert witness fees.

On February 15, 2013, Defendant moved to dismiss Brimmer's 42 U.S.C. § 1981 claims against him on the basis that the court lacks subject matter jurisdiction over this claim and moved for summary judgment on Brimmer's hostile work environment and *quid pro quo* sexual harassment, gender discrimination, retaliation, FPA and EPA claims.  Brimmer, who is represented by counsel, filed a response to Defendant's motions on March 25, 2013.  In her response, Brimmer abandons her § 1981 claim, disputes that she abandoned her sexual harassment and hostile work environment claims, and contends that summary judgment is not proper on her gender discrimination, retaliation, FPA and EPA claims.  Brimmer did not submit an appendix with her response to Defendant's summary judgment motion, and her response contains no citations to any evidence in the record.  As she presents no evidence to contradict or rebut Defendant's version of the facts, the court must accept Defendant's evidence as undisputed, unless it does not constitute competent summary judgment evidence.  In other words, Plaintiff's failure to submit evidence or point to evidence is fatal to all claims she asserts because she does not come forward with competent summary judgment evidence to raise a genuine dispute of material fact as to any of her claims.

Brimmer is employed by the Veterans Affairs North Texas Health Care System, in Dallas, Texas ("VA") as a Medical Administration Specialist.  Her primary duty is to serve as an "administrative officer of the day," which she states represents the administration on most days after hours.  She alleges that throughout her employment at the VA, Defendant's employees, managers, directors, officers, and agents, harassed and intimidated her, created a hostile work environment

through explicit, rampant and pervasive sex discrimination against her and other female employees. Brimmer further alleges that she has been subjected to *quid pro quo* sexual harassment at the hands of Henry, who was her second-line supervisor from August 21, 2005 until his retirement in 2012. According to Brimmer, she had a sexual affair with Henry that lasted for approximately one year. When she decided to end the relationship, Brimmer states that Henry became hostile towards her and harassed her.

In early 2007, Brimmer contacted an Equal Employment Opportunity ("EEO") counselor and filed claims for sexual harassment against Henry and hostile work environment ("first EEO case"). On February 28, 2007, during the informal stage of the EEO process, the parties entered into a settlement agreement. The settlement agreement included a release of all claims Brimmer had against the VA as of February 28, 2007. In October 2007, Brimmer filed a claim for breach of the settlement agreement with the VA's Office of Resolution Management ("ORM"). After conducting an investigation into Plaintiff's claim, the ORM determined that the settlement agreement had not been breached. Brimmer testified at her deposition that, to her knowledge, she did not appeal this determination.

On June 17, 2009, VA Patient Advocate Marci Doty-Hoffman sent an e-mail to Christopher Sandles ("Sandles"), the Assistant Chief of MAS and first-line supervisor to Brimmer, and Talbert Brown ("Brown"), a supervisor to another Dallas VA employee, Rita Plummer ("Plummer"). The e-mail described an encounter that she witnesses involving a veteran-patient, Plummer, and Brimmer, wherein she alleged that Plummer and Brimmer were "rude" to the veteran-patient and initially refused to register him for humanitarian aid. Sandles asked Henry to request a reprimand for Brimmer based on the incident with the veteran. By letter dated July 15, 2009, a reprimand was issued

to Brimmer charging her with: (1) rude behavior because of her interaction with the veteran and (2) failure to follow instructions, as she had been previously told that every patient that comes to the eligibility section of the VA is to be registered, which she initially failed to do. Brimmer refused to sign the reprimand because she disputes whether she followed her supervisor's instructions.  On August 3, 2009, Plummer received an admonishment based on the incident with the veteran.  The admonishment similarly charged her with (1) rude behavior and (2) failure to follow instructions. Brimmer lost no grade or pay as a result of the reprimand.  Pursuant to VA policies, all employee reprimands are removed from an employee's personnel file after a set period of time.  The reprimand has now expired and is no longer in Plaintiff's official personnel file.

On July 17, 2009, Brimmer again contacted an EEO counselor and subsequently filed a formal complaint of discrimination on October 30, 2009 ("second EEO case"), which forms the basis of this lawsuit.  The ORM sent Brimmer a notice informing her that her EEO complaint had been accepted for investigation and further processing.  The notice stated that her complaint raised the following claim: "Whether on the basis of reprisal (for prior EEO activity) and sex (female) the Complainant was treated disparately when on July 15, 2009, the Complainant was issued a letter of reprimand signed by the Medical Administration Chief, Cliffton Henry."  Def.'s App. 65.  Further, the notice informed Plaintiff that if she believed the claim was improperly formulated, she must notify the ORM, in writing, within seven calendar days of receipt of the notice, stating her disagreement. Brimmer did not notify the ORM of any disagreement in writing.

The case went before Equal Employment Opportunity Commission ("EEOC") Administrative Law Judge ("ALJ") Robert Kimball.  On February 15, 2011, the VA moved for summary judgment, and on April 25, 2011, Judge Kimball granted a decision with a hearing.  In his decision, he noted that

Brimmer, in her response to the VA's summary judgment motion, disputed its framing of the issues and indirectly requested him to expand the accepted issues to include claims for sexual harassment, a hostile work environment, and unspecified additional retaliation allegations.   Judge Kimball declined to reframe the issues, finding that Brimmer's request was "grossly untimely" and that she should have made this request at the time the notice of acceptance of her complaint was issued, or, at the latest, at the time the acknowledgment order was issued.   Further, Judge Kimball found that the new claims raised in Brimmer's response would "dwarf" the accepted issue in the case and require that the entire case be sent back for investigation and further discovery.   With respect to the accepted issue, Judge Kimball, found that: (1) Brimmer had raised a material question of fact concerning whether Sandles was aware of her prior EEO activity and (2) there were "potential inconsistencies or irregularities which preclude summary judgment based on an argument that pretext is not in issue." Judge Kimball, however, found that Plaintiff failed to establish a *prima facie* case of disparate treatment because she did not identify actual comparison employees and that she failed to establish a *prima facie* case of discrimination based on reprisal because evidence of past sexual harassment cannot, in and of itself, establish an inference of discrimination with respect to the accepted issue of reprimand.   As such, judgment was enteered in favor of the VA.   Brimmer then filed this action in the United States District Court for the Northern District of Texas.

## II.   Relevant Legal Standards

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the

parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  "[S]ubject-matter jurisdiction cannot be created by waiver or consent."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").  *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte.*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).  Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue.  *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986).  All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**B.      Motion for Summary Judgment Standard**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.*  (citation omitted).  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to

defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*.; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. Analysis

### A. <u>Defendant's Motion to Dismiss</u>

Defendant contends that Brimmer cannot assert a claim under 42 U.S.C. § 1981 because the federal government retains sovereign immunity for claims brought pursuant to this statute, and, thus, this court lacks subject matter jurisdiction over this claim. The court agrees, as it is well-settled that "suits against the United States brought under the civil rights statutes are barred by sovereign immunity." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)

(citation omitted).  Plaintiff, however, in her response to Defendant's Motion to Dismiss, abandons her claim under § 1981.  As this claim is no longer before the court, the court will deny as moot Defendant's Motion to Dismiss.

### B.      Defendant's Motion for Summary Judgment

#### 1.      *Sexual Harassment and Hostile Work Environment Claims*

Defendant contends that it is entitled to summary judgment on Brimmer's *quid pro quo* sexual harassment and hostile work environment claims because of her failure to exhaust her administrative remedies.  Specifically, Defendant argues that Brimmer abandoned them as a matter of law by failing to pursue them in the administrative investigatory process.  Further, Defendant argues that even if Brimmer did not abandon these claims, summary judgment is still proper, as she cannot establish a *prima facie* case on these claims because the conduct she complains of does not amount to actionable harassment.  In response, Brimmer argues that she did not abandon her sexual harassment and hostile work environment claims, as she asserted this claims in the first EEO case.  Although she eventually signed a settlement agreement, Brimmer asserts, without citing any evidence in support, that "Plaintiff attempted to appeal that decision by 'faxing' in her appeal, but was later told the VA never received it."  Pl.'s Resp. 8.  Further, Brimmer asserts that because she was proceeding *pro se* in the administrative process, she thought her claims were being properly addressed because the issue framed by the ORM "actually mentions the word [sic] 'sex' and 'disparate treatment.'"  *Id.* at 9.  Moreover, Brimmer argues that she can establish a *prima facie* case of sexual harassment and hostile work environment and alleges a number of facts to support her claims.

a.      Exhaustion of Administrative Remedies

Federal courts do not have jurisdiction to consider Title VII claims if the aggrieved party has not exhausted administrative remedies. *National Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994) (citation omitted). "[A] judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation *during* the pendency of the case before the Commission.'" *Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). "In other words, the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez*, 431 F.2d at 466 (internal quotation marks omitted); *see also Fine v. GAP Chem. Corp.*, 995 F.3d 576, 578 (5th Cir. 1993) ("[A] rule of reason . . . permits the scope of a Title VII suit to extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge.") (alteration in orginal) (internal quotation marks omitted).

b.      Hostile Work Environment

A plaintiff may "establish that she was sexually harassed in violation of Title VII by proving, inter alia, that the harassment created a hostile or abusive working environment." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005) (citing *Woods v. Delta Beverage Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001)). To establish a *prima facie* case of hostile work environment sexual harassment, a plaintiff:

> must demonstrate that: (1) she is [a] member of a protected group; (2) she was the victim of uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a "term, condition, or privilege" of [her] employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action.

*Id.* Where the harassment is allegedly committed by a supervisor with immediate or successively higher authority over the harassment victim, the plaintiff employee need only satisfy the first four elements previously described. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353-54 (5th Cir. 2001) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)).

"For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Harvill,* 433 F.3d at 434 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)) (alteration in original) (internal quotation marks omitted). In determining whether a work environment is "hostile" or "abusive" within the meaning of Title VII, the court is to look at the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating; or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harvill*, 433 F.3d at 434 (quoting *Harris v. Forklift*, 510 U.S. 17, 23 (1993)). Further, "'[t]o be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile [or] abusive, and subjectively offensive, meaning that the victim perceived it to be so.'" *Harvill,* 433 F.3d at 434 (quoting *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999)).

Additionally, in supervisor sexual harassment cases, if the supervisor's conduct is found to be severe or pervasive, the employer is vicariously liable unless the employer can establish both prongs of the affirmative defense set forth in *Faragher* and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002) (citation and footnotes omitted). To establish the *Ellerth/Faragher* affirmative defense, "the employer must show that (1) the employer exercised reasonable care to prevent and correct promptly any sexual

harassment, *and* (2) the complaining employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer." *Id.*

c.     *Quid Pro Quo* Sexual Harassment

"A prima facie case under the quid pro quo theory is essentially the same as under the hostile work environment theory, except that the fourth element involves job benefits conditioned on the acceptance of the harassment." *Collins v. Baptist Mem'l Geriatric Ctr.*, 937 F.2d 190, 196 (5th Cir. 1991). Thus, to establish a *prima facie* case for quid pro quo sexual harassment, a plaintiff must demonstrate:

[1.] that she is a member of a protected group;

[2.] that she was subject to unwelcome sexual harassment;

[3.] that the complained-of harassment was based upon sex;

[4.] that her reaction to the harassment affected tangible aspects of the terms and conditions of her employment, with her acceptance or rejection of the harassment being either an express or implied condition to the receipt of a benefit to or the cause of a tangible adverse effect on the terms or conditions of her employment; and, finally,

[5.] *respondeat superior* [(i.e., that the employer knew or should have known of the harassment in question and failed to take prompt remedial action)].

*Ellert v. University of Tex., at Dallas*, 52 F.3d 543, 545 (5th Cir. 1995) (citation and footnote omitted); *see also Wyerick v. Bayou Steel Corp.*, 887 F.2d 1271, 1274 (5th Cir. 1989).

The Fifth Circuit has defined "unwelcome sexual harassment" as "sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome in the sense that it is unsolicited or unincited and is undesirable or offensive to the employee." *Wyerick*, 887 F.2d at1274. Further, "a tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different

responsibilities, or a decision causing a significant change in benefits." *La Day v. Catalyst Tech. Inc.*, 302 F.3d 474, 481-82 (5th Cir. 2002) (citation and internal quotation marks omitted).

Assuming, without deciding, that Brimmer exhausted her administrative remedies as to her sexual harassment and hostile work environment claims, the court concludes that she fails to raise a genuine dispute of material fact as to these claims. While Brimmer makes certain allegations and assertions to contradict Defendant's evidence, she produces no evidence and cites to no evidence in the record in support of her allegations. Moreover, the court notes that her Original Complaint is not verified. As the party opposing a motion for summary judgment, Brimmer must come forward with competent summary judgment evidence to demonstrate that there exists a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586. Conclusory allegations, without proof, are insufficient to create a genuine dispute of material fact. *See Eason*, 73 F.3d at 1325. Accordingly, the court determines that there is no genuine dispute of material fact with respect to Plaintiff's sexual harassment and hostile work environment claims, and Defendant is entitled to judgment as a matter of law as to these claims.

### 2.    *Gender Discrimination Claim*

Title VII prohibits discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e 2(a)(1). As Brimmer offers only circumstantial evidence of discrimination, her Title VII claims are analyzed using the modified *McDonnell Douglas* burden-shifting paradigm. *See Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010). To survive a motion for summary judgment under the modified *McDonnell Douglas* paradigm, a Title VII plaintiff must first establish a *prima facie* case of discrimination by a preponderance of the evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

To establish a *prima facie* case of discrimination, a plaintiff must show: (1) she is a member of a protected class, (2) she was qualified for the position at issue, (3) she was the subject of an adverse employment action, and (4) she was treated less favorably because of her membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (addressing racial discrimination claim). "In work-rule violation cases, a Title VII plaintiff may establish a prima facie case by showing 'either that [s]he did not violate the rule or that, if [s]he did, [employees outside the protected class] who engaged in similar acts were not punished similarly.'" *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (quoting *Green v. Armstrong Rubber Co.*, 612 F.2d 967, 968 (5th Cir. 1980)).  To establish a *prima facie* case in the second manner, the plaintiff "must show that . . . employees were treated differently under circumstances 'nearly identical' to [hers]." *Id.* (citations omitted).  "The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories."  *Lee*, 574 F.3d at 260 (footnotes omitted).

Once this *prima facie* case has been established, there is a presumption of discrimination, and the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged employment action.  *McDonnell Douglas*, 411 U.S. at 802-04.  "The burden on the employer at this stage is one of production, not persuasion; it can involve no credibility assessment." *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citations and internal quotation marks

omitted).  If the employer sustains its burden, the inference of discrimination disappears, and "the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Id.* (citation omitted).  "A plaintiff may establish pretext by showing that a discriminatory motive more likely motivated her employer's decision, such as through evidence of disparate treatment, or that [her employer's] explanation is unworthy of credence." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (alteration in original) (citations and internal quotation marks omitted).

Defendant argues that it is entitled to summary judgment on Brimmer's gender discrimination claim because she cannot establish a *prima facie* case, as the reprimand she complains of does not constitute an adverse employment action and she cannot show that similarly situated males were treated more favorably.  Even if Brimmer can make a *prima facie* case of gender discrimination, Defendant argues that summary judgment is proper because it had legitimate, nondiscriminatory reasons for reprimanding Brimmer for her conduct during the incident with a veteran-patient, which she has failed to rebut.  The court does not comprehend Brimmer's argument in response, but she states that "Defendant's arguments are misplaced" and that she "has long asserted that the reprimand served as the basis for retaliation against her for rejecting Henry's unwanted and unwelcomed sexual advances."  Pl.'s Resp. 11.

As Brimmer fails to produce or cite to any evidence in the record in support of her arguments, the court concludes that Plaintiff has failed to raise a genuine dispute of material fact as to her gender discrimination claim.  Defendant is therefore entitled to judgment as a matter of law with respect to this claim.

**Memorandum Opinion and Order - Page 15**

3.      *Retaliation Claim*

It is "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice" under Title VII, or "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001). Whether the employee opposes an unlawful practice or participates in a proceeding against the employer's activity, the employee must hold a reasonable belief that the conduct he opposed violated Title VII. *Long v. Eastfield Coll.*, 88 F.3d 300, 305 (5th Cir. 1996).

To establish a *prima facie* case of retaliation in this circuit, a plaintiff must show that: (1) he engaged in a protected activity; (2) he experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (footnote and citation omitted); *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001)*; Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001). The establishment of a *prima facie* case gives rise to an inference of retaliation. *Montemayor,* 276 F.3d at 692*.* This inference, in turn, shifts the burden of production to the defendant, who must then articulate a legitimate, nondiscriminatory or nonretaliatory reason for the challenged employment action. *McCoy*, 492 F.3d at 557. Once a defendant articulates such a reason, the inference of discrimination or retaliation raised by the *prima facie* showing drops from the case. *Montemayor,* 276 F.3d at 692.

At this juncture, the plaintiff bears the burden of establishing that the employer's stated reason is a pretext for the real retaliatory purpose. *McCoy*, 492 F.3d at 557 (citation omitted). "Title VII

retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e-2(m).  This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *University of Tex. Sw. Med. Ctr. v. Nassar*,    , U.S.    , 133 S. Ct. 2517, 2533 (2013).   If the employee fails to prove, or raise a genuine dispute of material fact, that the employer's real reason is a pretext for its allegedly retaliatory conduct, the defendant is entitled to summary judgment.  *See McCoy*, 492 F.3d at 561-62.

In *Burlington Northern & Santa Fe Ry. Co. v. White*, the Supreme Court held that, because the discrimination and retaliation provisions of Title VII have different statutory language and different purposes, "the antiretaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment."  548 U.S. 53, 64 (2006).  Consistent with this view, the Court held that a plaintiff claiming retaliation under Title VII must show that a reasonable employee would have found the alleged retaliatory action "materially adverse" in that "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (quotation marks and citation omitted).  In so ruling, the Court rejected Fifth Circuit authority, *id.* at 67, which defined adverse employment actions as "ultimate employment decisions" and limited actionable retaliatory conduct to acts "such as hiring, granting leave, discharging, promoting, and compensating." *Id.* at 61 (quoting *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997)).  In evaluating whether actions are materially adverse, the Court went on to hold that "petty slights, minor annoyances, and simple lack of good manners will not" deter or dissuade a reasonable employee from making or supporting a charge of discrimination, and therefore they do not constitute conduct that is "materially adverse."  *Id.* at 68.

Defendant argues that Brimmer cannot establish a *prima facie* case of retaliation because the evidence does not show that she suffered an adverse employment action, or that there is a causal connection between her protected activity and any adverse employment action.  Defendant therefore argues he is entitled to summary judgment with respect to this claim.  In response, Plaintiff asserts that she "has presented evidence that the decision to reprimand her was made by Cliffton Henry, and her first line supervisor, Christopher Sandles.  Thus, Plaintiff has successfully presented evidence to raise a genuine issue of material fact regarding the 'causal connection' element of her retaliation claim."  As previously stated, Brimmer does not cite to any evidence in the record in her response, she submitted no appendix with her response, and her complaint is not verified.  Therefore, the court does not know of any evidence that she has "presented."  As the party opposing summary judgment, Brimmer is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports her claims, and there is no duty on this court to sift through the record in search of such evidence.  *Ragas*, 136 F.3d at 458.  In any event, Defendant does not dispute that Henry and Sandles were involved in the reprimand.  Even if Brimmer brought forth evidence establishing that the decision to reprimand her was made solely by Henry and Sandles, the court does not understand how this, alone, would raise a genuine dispute of material fact regarding the causal connection element of her retaliation claim.  Accordingly, the court concludes that there exists no genuine dispute of material fact with respect to Brimmer's retaliation claim, and Defendant is entitled to judgment as a matter of law with respect to this claim.

### 4.    EPA and FPA Claims

Under the EPA, an employer is prohibited from discriminating by

> paying wages to employees [in a covered establishment] at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; she was paid (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

*King v. University Healthcare Sys., L.C.*, 645 F.3d 713, 723 (5th Cir. 2011) (quoting 29 U.S.C.§ 206(d)).  To establish a *prima facie* case for wage discrimination under the EPA, the plaintiff must show that: (1) her employer is subject to the EPA; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions as an employee of the opposite sex; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison.  *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993) (citation and footnote omitted).   If the plaintiff makes out a *prima facie* case, the burden then shifts to the defendant "to show by a preponderance of the evidence that the differential in pay was made pursuant to one of the four enumerated exceptions."  *King*, 645 F.3d at 723 (citation omitted).   The four enumerated "exceptions are affirmative defenses on which the employer has the burden both of production and of persuasion."  *Jones v. Flagship, Int'l*, 793 F.2d 714, 722 (5th Cir. 1986) (citation omitted).

Title VII also protects against wage discrimination on the basis of sex.  In 2009, Congress enacted the FPA, which amended the limitations provision of Title VII pay discrimination claims.  As explained by the Fifth Circuit, it "provides different points in time in which the charging period will be triggered."  *Frazier v. Sabine River Auth. La.*, 509 F. App'x 370, 373 (5th Cir. 2013).

According to the FPA:

> [A]n unlawful employment practice occurs, with respect to discrimination in compensation in violation of this title, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e 5(e)(3(A)

Defendant contends that it is entitled to summary judgment because Brimmer's claim under the FPA is improper, as it provides no cause of action and merely specifies when charges may be filed for violations of acts other than the EPA. Moreover, Defendant argues that Brimmer cannot show a violation of the EPA because she can present no evidence that the male employees at the VA were compensated differently than she was for equal work. Plaintiff fails to address the case law cited by Defendant in response to his argument that the FPA does not provide a cause of action but nonetheless argues that the court should not grant summary judgment on her FPA claim or her EPA claim. Brimmer's argument in response is not clear; however, the court understands her to contend that, although she was unable to recall at her deposition specific names of others who were treated differently than she was, she had not "gotten any sleep" the night before the deposition, and she did nevertheless testify that her coworker "was detailed to supervisor, as well as other details for approximately 1 to 2 years, when details are supposed to be limited to 60 to 90 days in the Union Master Agreement." Pl.'s Resp. 13. According to Brimmer, she was not given the same opportunities for detail. She further argues that other employees were given a permanent shift of 12 a.m. to 8 a.m., with weekends off, while she had to work rotating shifts.

**Memorandum Opinion and Order - Page 20**

Defendant, in his reply, argues that Brimmer fails to demonstrate a *prima facie* case for a claim under the EPA by showing that her employer compensates employees differently for equal work based upon their gender. The court agrees. Again, Plaintiff fails to produce or cite to any evidence in support of her allegations. These unsubstantiated claims concerning employees being assigned to "details," are therefore not competent summary judgment evidence and may not be considered by the court. Moreover, the court does not understand how these allegations would establish a *prima facie* case under the EPA that her employer compensates employees differently for equal work based upon their gender. The court therefore concludes that Plaintiff has failed to raise a genuine dispute of material fact regarding her FPA and EPA claims, and Defendant is entitled to judgment as a matter of law on these claims.

## IV.    Conclusion

For the reasons herein stated, the court **denies as moot** Defendant's Motion to Dismiss. Further, the court **determines** that no genuine dispute of material fact exists as to Plaintiff's claims for hostile work environment, *quid pro quo* sexual harassment, gender discrimination, retaliation, and violations of the EPA and the FPA. Accordingly, the court **grants** Defendant's Motion for Summary Judgment and **dismisses with prejudice** this action. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 5th day of September, 2013.


Sam A. Lindsay
United States District Judge